**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **ROSEMARY GARCIA**, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) 2:09-cv-02671 JWS |
| | ) |
| vs. | ) **ORDER AND OPINION** |
| | ) |
| **CITY OF SURPRISE**, | ) [Re: Motion at Docket 52] |
| | ) |
| Defendant. | ) |
| | ) |

## I. MOTION PRESENTED

At docket 52, defendant the City of Surprise ("the City") moves pursuant to Local Rule 54.2, 42 U.S.C. § 2000e-5(k), and 28 U.S.C. § 1927 for an award of attorneys' fees. Plaintiffs Apreel Nye ("Nye") and Rosemary Garcia ("Garcia"; collectively "plaintiffs") oppose the motion at docket 60. Defendant's reply is at docket 61. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

Plaintiffs were detectives with the City of Surprise Police Department. Nye and Garcia each asserted claims against the City for gender discrimination and retaliation based on termination of their employment and based on their treatment during an internal affairs investigation. Nye asserted a separate claim for gender discrimination

based on the City's refusal to permit her to test for a special assignment. Garcia asserted a separate claim based on discipline stemming from a traffic citation.

More detailed factual background is provided in the order and opinion at docket 49. That order and opinion granted summary judgment in favor of defendant on all claims.

### III. DISCUSSION

### A. Entitlement to an Award Under 42 U.S.C. § 2000e-5(k)

Section 2000e5-(k) of Title 42 provides that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs."[1] However, fees may not be routinely awarded to a prevailing defendant. Rather, a district court may exercise its discretion to award fees to a defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even [if] not brought in subjective bad faith."[2] An action is without foundation if it has "no legal or factual basis."[3] The Supreme Court has indicated that a complaint is frivolous "where it lacks an arguable basis in either law or in fact."[4] The "inability to defeat summary judgment does not mean that [a plaintiff's] claims were groundless at the outset."[5]

---

[1] 42 U.S.C. § 2000e-5(k).

[2] *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

[3] *See Mitchell v. Office of Los Angeles County*, 805 F.2d 844, 847 (9th Cir. 1986).

[4] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[5] *Karam v. City of Burbank*, 352 F.3d 1188, 1196 (9th Cir. 2003).

### 1. Discrimination Claims

#### a. Termination of Employment

Plaintiffs were unable to establish that similarly situated male officers were not terminated after refusing to answer questions during an internal affairs investigation.[6] Neither plaintiff, therefore, made a prima facie showing of discrimination with respect to termination of their employment. However, the other elements of a Title VII discrimination claim were present. Plaintiffs' discrimination claims based on termination of their employment therefore had an arguable basis in law and fact.

#### b. Treatment During Internal Affairs Investigation

Plaintiffs also claimed that they were discriminated against during the internal affairs investigation. Defendants contended that conduct during an investigation does not constitute an adverse employment action. The court declined to address defendant's contention in the order at docket 49. The court instead assumed that plaintiffs had made out a prima facie case of discrimination, but granted summary judgment in defendant's favor because defendant provided a legitimate, nondiscriminatory reason for its actions to which plaintiffs did not respond.[7] In order to determine whether plaintiffs' claims had a legal basis, it is necessary to determine whether defendant's conduct could be considered an adverse employment action.

An adverse employment action is "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from

---

[6]Doc. 49 at 6–7.

[7]*Id.* at 8–9.

engaging in protected activity."[8]  The question is whether the treatment complained of would dissuade employees from engaging in protected activity.[9]  Plaintiffs were required to relinquish their weapons, cell phones, and recording devices while being interviewed.  Nye was not permitted phone calls to her mother, her child's caretaker, or her attorney.  Garcia was interviewed five times.  Although the actions complained of might be considered adverse treatment, the setting was unique–plaintiffs were only treated that way during an internal affairs investigation.  Moreover, the investigation did not stem from protected activity.  Consequently, plaintiffs' discrimination claims based on their treatment during the investigation were without legal foundation.

### c. Nye's Application for a Special Assignment

The court granted summary judgment in the City's favor with respect to Nye's separate discrimination claim because Nye did not show that the City's legitimate, nondiscriminatory reason for denying the special assignment was pretextual.[10]  The court did not determine whether Nye had made out a prima facie case of discrimination.  Whether Nye did turns on whether two officers who received special assignments after having been disciplined were similarly situated.  Because that question is itself close, Nye's separate claim was not frivolous.

---

[8] *Ray v. Henderson*, 217 F.3d 1234, 1242–43 (9th Cir. 2000) (internal quotations omitted).

[9] *See id.* at 1243.

[10] Doc. 49 at 10.

### d. Garcia's Discipline

The court granted summary judgment in the City's favor on Garcia's separate discrimination claim because Garcia did not establish that similarly situated employees were treated differently. However, Garcia's individual claim had an arguable basis in law and fact–disposition of the claim turned on the fact that Garcia did not establish that she contested her traffic citation, whereas two male officers clearly had. Consequently, Garcia's separate claim was not frivolous or without foundation.

### 2. Retaliation Claims

Garcia and Nye claimed that they were retaliated against because they had personal relationships with Atwell. Defendant correctly argues that personal relationships are not "protected activity" under 42 U.S.C. § 2000e-3. Plaintiffs respond that their retaliation claims were not based on their relationships with Atwell, but reporting acts of discrimination. It is clear from the face of Garcia's complaint that her retaliation claim was based on the notion that the City retaliated against her because of her relationship with Atwell.[11] Garcia's retaliation claim was therefore frivolous.

Nye also asserted that she was retaliated against because of her personal relationship with Atwell. However, Nye's complaint also states that "she was retaliated against because she filed a complaint of discrimination."[12] Defendant argues that Nye had no basis to assert any causal relationship between her discrimination complaint and

---

[11] Doc. 1 at 5–6.

[12] Complaint at 5, *Nye v. City of Surprise*, No. 2:09-cv-2705 (D. Ariz. Dec. 30, 2009), ECF No. 1.

subsequent termination.[13] The court concludes that although Nye was unable to demonstrate that the City's actions were pretextual, her individual retaliation claim was not without an arguable basis in law or fact.

In sum, although some of plaintiffs' claims were frivolous, on the whole the court concludes that the consolidated action was not and declines to exercise its discretion to award fees pursuant to 42 U.S.C. § 2000e-5(k).

## B. Entitlement to an Award Under 28 U.S.C. § 1927

Section 1927 of Title 28 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[14] Defendant has not demonstrated that plaintiffs' counsel "knowingly or recklessly raise[d] a frivolous argument."[15] Defendant is therefore not entitled to fees under § 1927.

## V.  CONCLUSION

For the reasons above, defendant's motion at docket 52 for attorneys' fees is **DENIED**.

DATED this 21st day of July 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[13] See, e.g., Raad v. Fairbanks N. Star Borough Sch. Dist., 323 F.3d 1185, 1196–97 (9th Cir. 2003).

[14] 28 U.S.C. § 1927.

[15] See B.K.B v. Maui Police Dep't, 276 F.3d 1091, 1107 (9th Cir. 2002).